THE CHESAPEAKE & OHIO RAILWAY COMPANY v
DEPARTMENT OF TREASURY (AFTER REMAND)

Docket Nos. 77-3652 through 77-3657. Submitted November 7, 1978, at Lansing.—Decided April 21, 1981. Leave to appeal applied for.

The Chesapeake and Ohio Railway Company petitioned for a redetermination and refund of franchise fees assessed and paid for the years 1968 through 1974. The Corporation Tax Appeal Board consolidated the applications and, following a hearing, granted franchise fee refunds for the years 1973 and 1974 and reversed a franchise fee deficiency assessed for 1972. The board held that refunds of fees for the years preceding 1973 were barred by the period for limitation of actions. The Department of Treasury, Corporation Franchise Fee Division, appealed by leave granted, and plaintiff filed a cross-appeal. Following a hearing, the Court of Appeals held that the board erred in ruling refunds of franchise fees for the years preceding 1973 were barred and in reversing the 1972 deficiency assessment and that it properly ruled relative to the treatment to be accorded plaintiff's reserve for deferred income taxes. The Court then remanded the case to the board for a redetermination of the formula to be applied in determining the fees and for further proceedings. 87 Mich App 740 (1979). Subsequently, the board conducted a hearing and held that the Franchise Fee Division had complied effectively with statutory provisions for adjustment of an allocation factor for computation of annual franchise fees. Plaintiff appeals. *Held:*

The board erred in ruling that the Franchise Fee Division had fully complied with the statutory provisions for adjusting allocation factors. The Legislature provided a specific allocation formula to be applied to railroads as well as procedures to be followed for the amendment thereof. Defendant's notification of its adoption of the amended formula did not constitute effective compliance with statutory requirements.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 71 Am Jur 3d, State and Local Taxation §§ 271, 399, 402.

1. Taxation — Railroads — Franchise Fees — Allocation Formu-
lae — Statutes.

> A written notification to railroads by the Corporation Franchise
> Fee Division regarding the formula to be used to determine
> formerly required franchise fees together with the uncontested
> use of such formula over a period of years does not constitute
> effective compliance with the then-effective statutory publish-
> ing and promulgation requirements relative to the adoption,
> amendment, or repeal of rules and regulations by a state
> agency or specific statutory requirements relative to the adjust-
> ment of allocation factors in computing the annual franchise
> fees (MCL 24.71 *et seq.*, 450.305b, 450.305e; MSA 3.560[7] *et
> seq.*, 21.208[2], 21.208[5], repealed, 1964 PA 161, 1969 PA 306,
> 1975 PA 230).

2. Taxation — Railroads — Franchise Fees — Allocation Formu-
lae — Statutes.

> Failure of the Corporation Franchise Fee Division to devise and
> publish an alternative formula for determination of formerly
> required franchise fees for railroads in compliance with the
> statutory provisions relative to the adjustment of allocation
> factors in making such a determination in effect at the time the
> alternate formula was applied required that the determination
> of franchise fees be set aside and that the statutory formula
> applicable at the time the amended formula was imposed be
> applied to determine the fees (MCL 450.305b, 450.305e; MSA.
> 21.208[2], 21.208[5], since repealed, 1975 PA 230).

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by
*David M. Rosenberger*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Richard R.
Roesch* and *Charles E. Liken,* Assistants Attorney
General, for defendant.

AFTER REMAND

Before: D. F. Walsh, P.J., and T. M. Burns and
D. E. Holbrook, Jr., JJ.

D. F. Walsh, P.J. Plaintiff petitioned for a rede-
termination of franchise fees and a refund. Defen-

dant appeals an order of the Corporation Tax Appeal Board granting plaintiff's petition. In our opinion issued on January 3, 1979, we remanded this matter on the following basis:

"Although we affirm the board's ruling that the 'weighted average' formula does not comply with the plain language of § 5b, we remand for consideration of the possible applicability of § 5e. If the board determines that defendant devised and published an alternative formula in compliance with the provisions of § 5e of the act, that alternative formula is to be applied to all years in question, being the years 1969 through 1974. If the board decides that defendant did not devise and publish an alternative formula in compliance with the provisions of § 5e, the formula provided for in § 5b of the act is to be applied, as interpreted by the board in its opinion, to the years 1969 through 1974." 87 Mich App 740, 750-751.

After a hearing on June 18, 1979, the Tax Tribunal rendered its opinion on November 2, 1979. The tribunal stated that in 1954, Ann Sawasky, the Director of the Franchise Fee Division, sent a written communication to all railroads concerning the "weighted average" formula for determining franchise fees. The tribunal went on to state:

"In 1954, the Legislature enacted § 5b. Shortly thereafter, the Director of the Franchise Fee Division, Ann Sawasky, in written communication to all railroads related the Division's position setting forth a 'weighted average' formula. At that time it was the position of the Division that the 'weighted average' formula was in compliance with § 5b of the act rather than under the alternate formula provisions of § 5e.

*  *  *

"The 'weighted average' formula was used by the Petitioner and other railroads from 1954 to 1975. There

is no indication in the record that indicates, subsequent to 1954, a request by the Petitioner for an alternate formula.

"It is the opinion of the Tribunal that the presentation of the 'weighted average' formula by the Respondent to all parties, its application and use, uncontested from 1954 to 1975, by the Petitioner and other railroads constitutes effective compliance with the provisions of § 5e."

Plaintiff claims that the Tax Tribunal erred in ruling that defendant had complied fully with the provisions of MCL 450.305e; MSA 21.208(5). We agree.

MCL 450.305e; MSA 21.208(5) (hereinafter § 5e), provides:

"If it shall appear on the application of the taxpayer or otherwise that an allocation factor determined pursuant to this act does not properly reflect the activity, business, receipts and capital of a taxpayer reasonably attributable to the state, the commission shall adjust it by:

"(1) Excluding 1 or more of the factors of any component thereof;

"(2) Including 1 or more other factors, such as expenses, purchases, contract values (minus subcontract values);

"(3) Excluding proportionately 1 or more asset items in computing entire paid-up capital and surplus; or

"(4) Apply any other similar method calculated to effect a fair and proper allocation according to the receipts, activity, business and capital reasonably attributable to this state.

"The commission shall promptly publish its rulings with respect to any application of the provisions of this section. Such rulings shall be promulgated in conjunction with the state department of revenue.

MCL 450.305b; MSA 21.208(2) (hereinafter § 5b)

made specific provision as to the allocation formula to be used in determining the annual franchise fee payable to the State of Michigan by a railroad company. In our judgment, if the commission (now Franchise Fee Division) intended to adopt a rule, by virtue of the authority granted to it under § 5e, which amended the § 5b allocation formula and made the amended version applicable to all railroad companies, it was required by § 5e to "publish" and "promulgate" that rule in accordance with the statutory provisions relating to the adoption, amendment, or repeal of rules and regulations by a state agency. MCL 24.71 *et seq.;* MSA 3.560(7) *et seq.* No evidence was produced at the remand hearing indicating that the commission made any effort whatsoever to comply with these statutory requirements.

We reject the conclusion of the Tax Tribunal that the written notification by the commission that the "weighted average" formula would be used together with the uncontested use of that formula from 1954 to 1975 constituted effective compliance with the statutory requirements for "publishing" and "promulgation". Other provisions of the fees, taxes, and charges act specifically mandate "notification" by the commission. See MCL 450.309; MSA 21.210, and MCL 450.310; MSA 21.210(1). Therefore, had the Legislature intended the commission merely to notify the railroads about § 5e alternative formulas, language other than "promptly publish" and "promulgate" could have been used.

However, even if we were to accept the tribunal's conclusion that the written notice sent to the parties amounted to a "publication" under the statute, we would still find noncompliance with § 5e. The statute requires prompt publication

"with respect to any application of the provisions of this section". The written notification to plaintiff did not contain any reference to § 5e. To the contrary, the letter indicated that the "weighted average" was in full compliance with § 5b. Since the written communication by defendant failed to notify plaintiff that an alternative § 5e allocation formula was being utilized, the letter did not sufficiently comply with the statute.

We conclude that the Tax Tribunal erred in its decision, and we hereby reverse. The case is remanded to the tribunal to apply the formula provided in § 5b of the act.

Reversed and remanded.